IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA            *

    v.                                          *        Criminal Action No. RDB-21-277

TSE ERNST BANGARIE,                 *

    *Defendant.*                             *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM ORDER

Before this Court is the Defendant Tse Ernst Bangarie's *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 24), which was filed on December 1, 2023, wherein Defendant moves to reduce his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines.  Concluding that he is ineligible for a sentence reduction, the Court DENIES Bangarie's *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 24)

## BACKGROUND

On August 27, 2021, Bangarie pled guilty to conspiracy to export defense articles, in violation of 18 U.S.C. § 371 (Count 1) and a violation of the Arms Export Control Act, in violation of 22 U.S.C. § 2778 (Count 2).  (ECF Nos. 6, 11.)  His Sentencing Guideline range was 46 months to 57 months of imprisonment, based on an offense level of 23 and a criminal history category of I.  (ECF No. 23.)  On August 18, 2023, this Court sentenced Bangarie to 46 months' imprisonment as to Count 1, and 46 months' as to Count 2, to run concurrently, for a total term of 46 months.  (ECF No. 21.)  On December 1, 2023, he filed the *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 24).  While the Motion remained

pending, Defendant was released.  *See Find an Inmate*, FEDERAL BUREAU OF PRISONS,

https://www.bop.gov/inmateloc/# (search by register number 62143-509).

## ANALYSIS

Through his *pro se* filing,[1] Defendant Tse Ernst Bangarie moves for a reduction of his

sentence.  (ECF No. 24.)  Ordinarily, a federal court may not "modify a term of imprisonment

once it has been imposed."  18 U.S.C. § 3582(c).  This "rule of finality," however, is subject to

a few narrow exceptions," *Freeman v. United States*, 564 U.S. 522, 526 (2011), such as 18 U.S.C.

§ 3582(c)(2), which permits a court to lower the sentence of a defendant who was "sentenced

to a term of imprisonment based on a sentencing range that has subsequently been lowered

by the Sentencing Commission," if a reduction is consistent with the sentencing factors in 18

U.S.C. § 3553(a) and the Sentencing Guidelines.

Under § 3582(c)(2), a defendant may be eligible for relief if an amendment to the

Sentencing Guidelines has been made retroactively applicable.  *Dillon v. United States*, 560 U.S.

817, 826 (2010).  One such retroactive amendment is Amendment 821 to the Sentencing

Guidelines.  Amendment 821 is a multi-part amendment.  As relevant here, Part B to

Amendment 821 provides a mechanism for certain zero-point offenders—i.e., criminal

defendants with no criminal history points—to obtain a two-level reduction of their offense

level.  U.S.S.G. § 4C1.1.  However, to be eligible for this reduction, zero-point offenders must

meet each of the criteria enumerated in the amendment, *id.* § 4C1.1(a)(1)–(a)(10), including

"the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose

---

[1] Defendant has filed his submission *pro se*.  Such filings will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense. *Id.* § 4C1.1(a)(7). Here, while Defendant was a "zero-point offender," (ECF No. 36), the criteria set forth in U.S.S.G. § 4C1.1(a)(7) expressly precludes Bangarie from receiving a sentence reduction, as he pled guilty to an extensive international arms smuggling operation that lasted for a period of more than one and a half years. As such, his *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 24) is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant Tse Ernst Bangarie's *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 24) is DENIED. It is SO ORDERED this 10th day of July, 2025.

                                                    /s/
                                        _____
                                        Richard D. Bennett
                                        United States Senior District Judge